IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Richmond Division**

CHARLENE BULLARD,

    Plaintiff,

v.                                                                         Civil Action No. 3:14-cv-544

WEST END OPERATIONS, LLC,
*doing business as*
GLENBURNIE REHABILITATION
AND NURSING CENTER,

    Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the defendant's motion to dismiss. (Dk. No. 9.) The plaintiff, Charlene Bullard, filed suit against West End Operations, LLC, doing business as Glenburnie Rehabilitation and Nursing Center. Bullard's complaint says that Glenburnie negligently caused injuries to her by allowing her to fall to the floor from her bed. Glenburnie moves to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although two of Bullard's theories fail to survive, her complaint does state a claim of negligence. The Court, therefore, will grant the motion in part and deny the motion in part.

## I. MATERIAL FACTS[1]

On January 20, 2011, Glenburnie admitted Bullard, a quadriplegic, to its Richmond, Virginia, facility. Upon Bullard's arrival, Glenburnie employees performed an assessment to determine her medical needs and found that, given her condition, falls were a specific area of concern. On April 1, 2011, two Glenburnie employees tried to wash Bullard in her bed. They rolled Bullard onto her side, but when one employee turned away from Bullard to prepare a wash rag, the other could not hold Bullard on her own. Bullard fell from the bed to the floor and suffered physical injury and emotional trauma as a result.

## II. DISCUSSION

Bullard attempts to state a negligence claim of medical malpractice. "The essential elements of a negligence claim in Virginia, as elsewhere, are (1) the identification of a legal duty of the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff proximately caused by the breach." *Talley v. Danek Medical, Inc.*, 179 F.3d 154, 157 (4th Cir. 1999). Although Bullard has properly alleged a cause of action, some of her legal theories fail and, to the extent she seeks relief under them, those portions of the complaint will be dismissed.

### A. OBRA

First, Bullard cites the Omnibus Budget Reconciliation Act ("OBRA") of 1987, also known as the Nursing Home Reform Act, as imposing a standard of care on Glenburnie. Compl.

---

[1] A Rule 12(b)(6) motion to dismiss gauges the sufficiency of a complaint without resolving any factual discrepancies, testing the merits of the claim, or judging the applicability of any defenses raised by the non-moving party. *Republican Party of N.C. v. Martin*, 960 F.2d 943, 952 (4th Cir. 1992). To survive a 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

¶ 4. In her brief, however, Bullard concedes that she is not pursuing relief under federal law or under any applicable standard provided in OBRA. Pl.'s Opp'n Brief 2. Accordingly, the Court GRANTS Glenburnie's motion to dismiss any claims based on violation of OBRA.

**B. Common Law Negligence**

Bullard lays out four instances of breach of duty in paragraph 17 of her complaint. Specifically, she alleges that Glenburnie breached its duty of care by failing to: (a) "provide a reasonable amount of attention and skill in monitoring, washing, and caring" for her; (b) "provide staff of sufficient numbers, experience, and competency to provide for [her] care;" (c) "implement an adequate fall prevention plan for [her], thereby allowing her to sustain an unnecessary fall;" and (d) "otherwise take proper measures to prevent [her] from falling." Compl. ¶ 17(a)-(d). Glenburnie does not challenge the sufficiency of paragraphs 17 (a) and (c).

In paragraph 17(b), Bullard alleges that Glenburnie breached its duty by failing to provide staff of sufficient numbers, experience, and competency to provide care to her. The facts in the complaint plausibly support a conclusion that the staff at Glenburnie lacked the necessary manpower, experience, and competence to provide the appropriate level of care. A plausible inference of negligence can be drawn from the employees' conduct on April 1, 2011, specifically that the staff at Glenburnie acted either without enough manpower or without sufficient experience or with flat incompetence in caring for Bullard. Glenburnie had identified that Bullard posed a particular concern of falling, but Glenburnie never prepared "an individual fall prevention care plan." *Id.* ¶ 6. The allegation that one employee "relinquished control of and turned away from" Bullard while the other "was unable to maintain control of" her leads to the plausible inference that Glenburnie breached its duty of care by failing to "provide staff of sufficient numbers, experience and competency to provide" for her care. The resolution of this

issue requires expert testimony on the proper operation of a nursing home, and cannot be resolved on a motion to dismiss. Accordingly the Court DENIES Glenburnie's motion to dismiss with respect to paragraph 17(b).

In paragraph 17(d) of the complaint, Bullard claims that Glenburnie was negligent by failing to otherwise take proper measures to prevent her from falling. This allegation, of course, provides no notice to Glenburnie of its specific negligent acts. In her brief, Bullard concedes that she is not pursuing relief under paragraph 17(d) of the complaint. Pl.'s Opp'n Brief 2. Accordingly, the Court GRANTS Glenburnie's motion to dismiss paragraph 17(d) of the complaint.

### III. CONCLUSION

Bullard properly alleges the required elements of a medical malpractice claim. As explained above, because Bullard concedes she does not seek relief under paragraphs 4 or 17(d) of the complaint, the Court GRANTS Glenburnie's motion to dismiss with respect to those allegations. The Court DENIES the motion with respect to paragraph 17(b).

The Court shall enter an appropriate order.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

Date: December 5, 2014
Richmond, Virginia

/s/ John A. Gibney, Jr.
United States District Judge

4